UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

ALIONZO MARTINEZ, LUCIANO MARTINEZ,
and AGUSTO PEREZ

# 09-23197

Plaintiff(s),

vs.

# CIV-SEITZ

MAGISTRATE JUDGE
O'SULLIVAN

SWS STRUCTURAL INC., a Florida Profit Corporation,
SARA C. GOMEZ, individually.

Defendants.

_____/

FILED by _____ D.C.
INTAKE

OCT 22 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

The Plaintiffs, **ALIONZO MARTINEZ**, **LUCIANO MARTINEZ**, and **AGUSTO PEREZ** and other similarly-situated individuals, by and through the undersigned counsel, sue the Defendants and allege:

1. This is an action to recover money damages for unpaid overtime and straight wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff, **ALIONZO MARTINEZ**, (hereinafter referred to as "MARTINEZ"), is a resident of Homestead, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Plaintiff, **LUCIANO MARTINEZ**, (hereinafter referred to as "MARTINEZ 2") is a resident of Homestead, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

1

4. Plaintiff, **AGUSTO PEREZ**, (hereinafter referred to as "PEREZ") is a resident of Homestead, Florida within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

5. Defendant, **SWS STRUCTURAL, INC.,** (hereinafter referred to as ("SWS INC."), is a Florida Registered Company.

6. The individual Defendant, **SARA C. GOMEZ,** (hereinafter referred to as "GOMEZ"), is a resident of Miami-Dade County, Florida.

7. The Defendant**, SWS INC.,** is a **commercial construction company that specializes in rooftop repair,** and, through its business activity, affects interstate commerce. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was employed by the Defendant as a construction assistant to repair rooftops in Miami-Dade County, Florida.

8. While employed by Defendant, **MARTINEZ** worked an average of **55 (Fifty-Five)** hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. **MARTINEZ** was employed as a **construction assistant** performing the same or similar duties as that of those other similarly-situated **Construction Assistants** who **MARTINEZ** observed worked in excess of 55 hours per week without overtime compensation.

9. **MARTINEZ** was paid an average of $2.65 per hour from on or about **February 5, 2009, to July 2, 2009** but has never been compensated for overtime wages for the hours that he worked in excess of 40 hours per week. **MARTINEZ** was paid a total of $1,125.00 for all hours worked.  **MARTINEZ** seeks to recover for unpaid

2

minimum and overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

10. Prior to the completion of discovery and to the best of **MARTINEZ'S** knowledge, at the time of the filing of this complaint, **MARTINEZ'S good faith estimate of unpaid wages** are as follows:

**Actual Damages:** Actual damages, plus interest, representing the amount for all unpaid minimum wages on a weekly basis from February 2, 2009 through July 2, 2009 at an average of $6.55(amount minimum wage owed per hour) x 55 hours per week, totaling to $360.25; owed each week times 19 weeks totaling to: $6,844.75; actual damages, plus interest, representing the amount for all unpaid overtime wages on a weekly basis from February 2, 2009 through July 2, 2009 at an average of $3.28 (amount overtime wage owed per hour) x 15 hours per week, totaling to: $49.20; owed each week times 19 weeks totaling to: $934.80 in unpaid overtime wages; actual damages, plus interest totaling to:$7,779.55 subtracting 1,125.00 that was paid to him, for a grand total since February 2, 2009 of: $6,654.55 for all minimum and overtime wages owed.

**Liquidated Damages** representing an equal amount in double damages/liquidated damages of $6,654.55:

**TOTAL DAMAGES: $13,309.10 plus reasonable attorneys' fees and costs of suit**.

11. While employed by Defendant, **MARTINEZ 2** worked an average of **55 (Fifty-Five)** hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. **MARTINEZ 2** was employed as a **construction assistant** performing the same or similar duties as that of those other similarly-situated **Construction Assistants** who **MARTINEZ 2** observed worked in excess of 55 hours per week without overtime compensation.

12. **MARTINEZ 2** was employed from on or about **February 5, 2009, to July 2, 2009** but has never been compensated for any wages for the hours that he worked. **MARTINEZ 2** seeks to recover for unpaid minimum and overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

13. Prior to the completion of discovery and to the best of **MARTINEZ 2's** knowledge, at the time of the filing of this complaint, **MARTINEZ 2's good faith estimate of unpaid wages** are as follows:

**Actual Damages:** Actual damages, plus interest, representing the amount for all unpaid minimum wages on a weekly basis from February 2, 2009 through July 2, 2009 at an average of $6.55(amount minimum wage owed per hour) x 55 hours per week, totaling to $360.25; owed each week times 19 weeks totaling to: $6,844.75; actual damages, plus interest, representing the amount for all unpaid overtime wages on a weekly basis from February 2, through July 2, 2009 at an average of $3.28(amount overtime wage owed per hour) x 15 hours per week, totaling to: $49.20; owed each week times 19 weeks totaling to: $934.80 in

4

unpaid overtime wages; actual damages, plus interest totaling to: 7,779.55 for all minimum and overtime wages owed.

**Liquidated Damages** representing an equal amount in double damages/liquidated damages of $7,779.55:

**<u>TOTAL DAMAGES</u>: $15,559.10 plus reasonable attorneys' fees and costs of suit.**

14. While employed by Defendant, **PEREZ** worked an average of **55 (Fifty-Five)** hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. **PEREZ** was employed as a **construction assistant** performing the same or similar duties as that of those other similarly-situated **Construction Assistants** who **PEREZ** observed worked in excess of 55 hours per week without overtime compensation.

15. **PEREZ** was employed from on or about **February 5, 2009, to July 2, 2009** but has never been compensated for any wages for the hours that he worked. **PEREZ** seeks to recover for unpaid minimum and overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

16. Prior to the completion of discovery and to the best of **PEREZ'S** knowledge, at the time of the filing of this complaint, **PEREZ'S good faith estimate of unpaid wages** are as follows:

**Actual Damages:** Actual damages, plus interest, representing the amount for all unpaid minimum wages on a weekly basis from February 2, 2009 through July 2, 2009 at an average of $6.55(amount minimum wage owed per hour) x 55 hours

5

per week, totaling to $360.25; owed each week times 19 weeks totaling to: $6,844.75; actual damages, plus interest, representing the amount for all unpaid overtime wages on a weekly basis from February 2, through July 2, 2009 at an average of 3.28(amount overtime wage owed per hour) x 15 hours per week, totaling to: $49.20; owed each week times 19 weeks totaling to: $934.80 in unpaid overtime wages; actual damages, plus interest totaling to: 7,779.55 for all minimum and overtime wages owed.

**Liquidated Damages** representing an equal amount in double damages/liquidated damages of $7,779.55:

**TOTAL DAMAGES: $15,559.10 plus reasonable attorneys' fees and costs of**

## COUNT I
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION BY MARTINEZ AGAINST SWS STRUCTURAL, INC.

17. **MARTINEZ** re-adopts each and every factual allegation as stated in paragraphs 1-10 above as if set out in full herein.

18. This action is brought by **MARTINEZ** and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

19. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant, **SWS INC.,** operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant, **SWS INC.,** obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000.00 per annum, and/or **MARTINEZ** and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

20. By reason of the foregoing, the Employer/Defendant, **SWS INC.,** is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or **MARTINEZ** and those similarly-situated was and/or is engaged in interstate commerce for Defendants. Defendant **SWS INC.'S,** business activities involve those to which the Fair Labor Standards Act applies. The Defendant is a **commercial construction company specializing in rooftop repair** and, through its business activity, affects interstate commerce.

7

MARTINEZ'S work for the Defendant likewise affects interstate commerce. MARTINEZ was employed by Defendant, SWS, INC.,  as an construction assistant to help repair rooftops in Miami-Dade County, Florida.

21. At all times material hereto, the Employer/Defendant, SWS INC., failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that MARTINEZ and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant, SWS INC., to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant, SWS INC., who are and who were subject to the unlawful payroll practices and procedures of Defendant, SWS INC., and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

22. Defendant, SWS INC., knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing MARTINEZ and those similarly-situated these overtime wages since the commencement of MARTINEZ and those similarly-situated employee's employment with Defendant, SWS INC., as set forth above, and MARTINEZ and those similarly-situated are entitled to recover double damages. Defendant never posted any notice, as required by the

8

Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

23. At the times mentioned, Defendant, **GOMEZ,** was, and is now, the Director and/or owner of Defendant Company, **SWS INC.,** Defendant, **SWS INC.,** was an employer of **MARTINEZ** and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated.  Defendant, **GOMEZ,** had operational control of the business, provided **MARTINEZ** with his work schedule, and is jointly liable for **MARTINEZ'S** damages.

24. Defendant, **SWS INC.,** willfully and intentionally refused to pay **MARTINEZ** overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing **MARTINEZ** these overtime wages since the commencement of **MARTINEZ'S** employment with Defendant, **SWS INC.,** as set forth above.

25. **MARTINEZ** has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE, MARTINEZ** and those similarly-situated request that this Honorable Court:

    A. Enter judgment for **MARTINEZ** and other similarly-situated and against the Defendant, **SWS INC.,** on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal

Regulations; and

B. Award **MARTINEZ** actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award **MARTINEZ** an equal amount in double damages/liquidated damages; and;

D. Award **MARTINEZ** reasonable attorneys' fees and costs of suit; and

E.Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. **MARTINEZ** demands a trial by jury.

**JURY DEMAND**

**MARTINEZ** and those similarly-situated demand a trial by jury of all issues triable as of right by jury.

**COUNT II**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION BY**
**MARTINEZ AGAINST GOMEZ**

26. **MARTINEZ** re-adopts each and every factual allegation as stated in paragraphs 1-10 above as if set out in full herein.

27. This action is brought by **MARTINEZ** and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee

receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

28. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendant, **SWS INC.,** operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant, **SWS INC.,** obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Employer/Defendant, **SWS INC.,** was at all times material hereto in excess of $500,000.00 per annum, and/or **MARTINEZ** and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

29. By reason of the foregoing, the Employer/Defendant, **SWS INC.,** is and was, during all times hereafter mentioned, and enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or **MARTINEZ** and those similarly-situated was and/or is engaged in interstate commerce for Defendant, **SWS INC.**.

Defendant, **SWS INC.,** business activities involve those to which the Fair Labor Standards Act applies. The Defendant, **GOMEZ,** is the owner or director of the Defendant, **SWS INC.,** which is a commercial construction company specializing in rooftop repair and, through its business activity, affects interstate commerce. **MARTINEZ'S** work for the Defendant, **GOMEZ,** likewise affects interstate commerce. **MARTINEZ** was employed by Defendant, **GOMEZ,** as a construction assistant assigned to repair rooftops in Miami-Dade County, Florida.

30. At all times material hereto, the Employer/Defendant, **GOMEZ** failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that **MARTINEZ** and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant, **GOMEZ,** to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant, **GOMEZ,** who are and who were subject to the unlawful payroll practices and procedures of Defendant, **GOMEZ** and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

31. Defendant, **GOMEZ** knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing **MARTINEZ** and those similarly-situated these overtime wages since the commencement of **MARTINEZ'S** and those similarly-situated employee's employment with Defendant, **GOMEZ,** as set forth above,

12

and **MARTINEZ** and those similarly-situated are entitled to recover double damages. Defendant, **GOMEZ,** never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

32. At the times mentioned, Defendant, **GOMEZ,** was, and is now, the Director and/or owner of Defendant Company, **SWS INC**. Defendant **GOMEZ,** was an employer of and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including **MARTINEZ** and others similarly situated. Defendant **GOMEZ,** had operational control of the business, provided **MARTINEZ** with his work schedule, and is jointly liable for **MARTINEZ'S** damages.

33. Defendant **GOMEZ,** willfully and intentionally refused to pay **MARTINEZ** overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of **MARTINEZ'S** employment with Defendants as set forth above.

34. **MARTINEZ** has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

    **WHEREFORE, MARTINEZ** and those similarly-situated request that this Honorable Court:

    A. Enter judgment for **MARTINEZ** and other similarly-situated and against the

Defendant **MARTINEZ,** on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award **MARTINEZ** actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award **MARTINEZ** an equal amount in double damages/liquidated damages; and

D. Award **MARTINEZ** reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. **MARTINEZ** demands a trial by jury.

## COUNT III
## WAGE AND HOUR STATUTORY VIOLATION BY MARTINEZ 2 AGAINST SWS STRUCTURAL, INC.

35. **MARTINEZ 2** re-adopts each and every factual allegation as stated in paragraphs 1-7 and 11-13 above as if set out in full herein.

36. This action is brought by **MARTINEZ 2** and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified

14

at a rate not less than one and a half times the regular rate at which he is employed."

37. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant, **SWS INC.,** operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant, **SWS INC.,** obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000.00 per annum, and/or **MARTINEZ 2** and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

38. By reason of the foregoing, the Employer/Defendant, **SWS INC.,** is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or **MARTINEZ 2** and those similarly-situated was and/or is engaged in interstate commerce for Defendants. Defendant **SWS INC.'S,** business activities involve those to which the Fair Labor Standards Act

applies.  The Defendant is a **commercial construction company specializing in rooftop repair** and, through its business activity, affects interstate commerce. **MARTINEZ 2'S** work for the Defendant likewise affects interstate commerce. **MARTINEZ 2'S** was employed by Defendant, **SWS, INC.,**  as an construction assistant to help repair rooftops in Miami-Dade County, Florida.

39.  At all times material hereto, the Employer/Defendant, **SWS INC.,** failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that **MARTINEZ 2** and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant, **SWS INC.,** to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant, **SWS INC.,** who are and who were subject to the unlawful payroll practices and procedures of Defendant, **SWS INC.,** and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

40.  Defendant, **SWS INC.,** knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing **MARTINEZ 2** and those similarly-situated these overtime wages since the commencement of **MARTINEZ 2** and those similarly-situated employee's employment with Defendant, **SWS INC.,** as set forth above, and **MARTINEZ 2** and those similarly-situated are entitled to

recover double damages.  Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

41. At the times mentioned, Defendant, **GOMEZ,** was, and is now, the Director and/or owner of Defendant Company, **SWS INC.,** Defendant, **SWS INC.,** was an employer of **MARTINEZ 2** and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated.  Defendant, **GOMEZ,** had operational control of the business, provided **MARTINEZ 2** with his work schedule, and is jointly liable for **MARTINEZ 2'S** damages.

42. Defendant, **SWS INC.,** willfully and intentionally refused to pay **MARTINEZ 2** overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing **MARTINEZ 2** these overtime wages since the commencement of **MARTINEZ 2'S** employment with Defendant, **SWS INC.,** as set forth above.

43. **MARTINEZ 2** has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, **MARTINEZ 2** and those similarly-situated request that this Honorable Court:

A. Enter judgment for **MARTINEZ 2** and other similarly-situated and against the Defendant, **SWS INC.,** on the basis of Defendant's willful violations of the

Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award **MARTINEZ 2** actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award **MARTINEZ 2** an equal amount in double damages/liquidated damages;    and;

D. Award **MARTINEZ 2** reasonable attorneys' fees and costs of suit; and


E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. **MARTINEZ 2** demands a trial by jury.

**JURY DEMAND**

**MARTINEZ 2** and those similarly-situated demand a trial by jury of all issues triable as of right by jury.

**COUNT IV**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION BY**
**MARTINEZ 2 AGAINST GOMEZ**

44. **MARTINEZ 2** re-adopts each and every factual allegation as stated in paragraphs 1-7 and 11-13 above as if set out in full herein.

45. This action is brought by **MARTINEZ 2** and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29

U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

46. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendant, **SWS INC.,** operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant, **SWS INC.,** obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Employer/Defendant, **SWS INC.,** was at all times material hereto in excess of $500,000.00 per annum, and/or **MARTINEZ 2** and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

47. By reason of the foregoing, the Employer/Defendant, **SWS INC.,** is and was, during all times hereafter mentioned, and enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act,

29 U.S.C. § 203(r) and 203(s) and/or **MARTINEZ 2** and those similarly-situated was and/or is engaged in interstate commerce for Defendant, **SWS INC.**. Defendant, **SWS INC.,** business activities involve those to which the Fair Labor Standards Act applies. The Defendant, **GOMEZ**, is the owner or director of the Defendant, **SWS INC.**, which is a commercial construction company specializing in rooftop repair and, through its business activity, affects interstate commerce. **MARTINEZ 2'S** work for the Defendant, **GOMEZ,** likewise affects interstate commerce. **MARTINEZ 2** was employed by Defendant, **GOMEZ** as a construction assistant assigned to repair rooftops in Miami-Dade County, Florida.

48. At all times material hereto, the Employer/Defendant, **GOMEZ** failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that **MARTINEZ 2** and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant, **GOMEZ,** to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant, **GOMEZ** who are and who were subject to the unlawful payroll practices and procedures of Defendant, **GOMEZ** and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

49. Defendant, **GOMEZ** knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing **MARTINEZ 2** and those similarly-situated

these overtime wages since the commencement of **MARTINEZ 2'S** and those similarly-situated employee's employment with Defendant, **GOMEZ,** as set forth above, and **MARTINEZ 2** and those similarly-situated are entitled to recover double damages. Defendant, **GOMEZ** never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

50. At the times mentioned, Defendant, **GOMEZ,** was, and is now, the Director and/or owner of Defendant Company, **SWS INC.** Defendant **GOMEZ,** was an employer of and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including **MARTINEZ 2** and others similarly situated. Defendant **GOMEZ,** had operational control of the business, provided **MARTINEZ 2** with his work schedule, and is jointly liable for **MARTINEZ 2'S** damages.

51. Defendant **GOMEZ,** willfully and intentionally refused to pay **MARTINEZ 2** overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of **MARTINEZ 2'S** employment with Defendants as set forth above.

52. **MARTINEZ 2** has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

21

**WHEREFORE**, **MARTINEZ 2** and those similarly-situated request that this Honorable Court:

A. Enter judgment for **MARTINEZ 2** and other similarly-situated and against the Defendant **MARTINEZ 2,** on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award **MARTINEZ 2** actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award **MARTINEZ 2** an equal amount in double damages/liquidated damages; and

D. Award **MARTINEZ 2** reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. **MARTINEZ 2** demands a trial by jury.

### JURY DEMAND

**MARTINEZ 2** and those similarly-situated demand trial by jury of all issues triable as of right by jury.

### COUNT V
### WAGE AND HOUR STATUTORY VIOLATION BY PEREZ AGAINST SWS STRUCTURAL, INC.

53. **PEREZ** re-adopts each and every factual allegation as stated in paragraphs 1-7 and 14-16 above as if set out in full herein.

54. This action is brought by **PEREZ** and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

55. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendant, **SWS INC.,** operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant, **SWS INC.,** obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000.00 per annum, and/or **PEREZ** and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

56. By reason of the foregoing, the Employer/Defendant, **SWS INC.,** is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or **PEREZ** and those similarly-situated was and/or is engaged in interstate commerce for Defendants.  Defendant **SWS INC.'S,** business activities involve those to which the Fair Labor Standards Act applies. The Defendant is a **commercial construction company specializing in rooftop repair** and, through its business activity, affects interstate commerce.  **PEREZ'S** work for the Defendant likewise affects interstate commerce. **PEREZ** was employed by Defendant, **SWS, INC.,** as an construction assistant to help repair rooftops in Miami-Dade County, Florida.

57. At all times material hereto, the Employer/Defendant, **SWS INC.,** failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that **PEREZ** and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant, **SWS INC.,** to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant, **SWS INC.,** who are and who were subject to the unlawful payroll practices and procedures of Defendant, **SWS INC.,** and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

58. Defendant, **SWS INC.,** knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing **PEREZ** and those similarly-situated these overtime wages since the commencement of **PEREZ** and those similarly-situated employee's employment with Defendant, **SWS INC.,** as set forth above, and **PEREZ** and those similarly-situated are entitled to recover double damages. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

59. At the times mentioned, Defendant, **GOMEZ,** was, and is now, the Director and/or owner of Defendant Company, **SWS INC.,** Defendant, **SWS INC.,** was an employer of **PEREZ** and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant, **GOMEZ,** had operational control of the business, provided **PEREZ** with his work schedule, and is jointly liable for **PEREZ'S** damages.

60. Defendant, **SWS INC.,** willfully and intentionally refused to pay **PEREZ** overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing **PEREZ** these overtime wages since the commencement of **PEREZ'S** employment with Defendant, **SWS INC.,** as set forth above.

61. **PEREZ** has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, **PEREZ** and those similarly-situated request that this Honorable Court:

A. Enter judgment for **PEREZ** and other similarly-situated and against the Defendant, **SWS INC.,** on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award **PEREZ** actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award **PEREZ** an equal amount in double damages/liquidated damages; and;

D. Award **PEREZ** reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. **PEREZ** demands a trial by jury.

### JURY DEMAND

**PEREZ** and those similarly-situated demand a trial by jury of all issues triable as of right by jury.

**COUNT VI**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION BY**
**PEREZ AGAINST GOMEZ**

62. **PEREZ** re-adopts each and every factual allegation as stated in paragraphs 1-7 and 14-16 above as if set out in full herein.

63. This action is brought by **PEREZ** and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

64. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant, **SWS INC.,** operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant, **SWS INC.,** obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and

belief, the annual gross revenue of the Employer/Defendant, **SWS INC.,** was at all times material hereto in excess of $500,000.00 per annum, and/or **PEREZ** and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

65. By reason of the foregoing, the Employer/Defendant, **SWS INC.,** is and was, during all times hereafter mentioned, and enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or **PEREZ** and those similarly-situated was and/or is engaged in interstate commerce for Defendant, **SWS INC..** Defendant, **SWS INC.,** business activities involve those to which the Fair Labor Standards Act applies. The Defendant, **GOMEZ**, is the owner or director of the Defendant, **SWS INC.,** which is a commercial construction company specializing in rooftop repair and, through its business activity, affects interstate commerce. **PEREZ'S** work for the Defendant, **GOMEZ,** likewise affects interstate commerce. **PEREZ** was employed by Defendant, **SWS INC.,** as a construction assistant assigned to repair rooftops in Miami-Dade County, Florida.

66. At all times material hereto, the Employer/Defendant, **GOMEZ** failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that **PEREZ** and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant, **GOMEZ,** to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid

employees and/or former employees of Defendant, **GOMEZ** who are and who were subject to the unlawful payroll practices and procedures of Defendant, **GOMEZ** and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

67. Defendant, **GOMEZ** knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing **PEREZ** and those similarly-situated these overtime wages since the commencement of **PEREZ'S** and those similarly-situated employee's employment with Defendant, **GOMEZ,** as set forth above, and **PEREZ** and those similarly-situated are entitled to recover double damages. Defendant, **GOMEZ** never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

68. At the times mentioned, Defendant, **GOMEZ,** was, and is now, the Director and/or owner of Defendant Company, **SWS INC**. Defendant **GOMEZ,** was an employer of and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including **PEREZ** and others similarly situated. Defendant **GOMEZ,** had operational control of the business, provided **PEREZ** with his work schedule, and is jointly liable for **PEREZ'S** damages.

69. Defendant **GOMEZ,** willfully and intentionally refused to pay **PEREZ** overtime wages and minimum wages as required by the law of the United States as set forth

above and remains owing Plaintiff these overtime wages since the commencement

of **PEREZ'S** employment with Defendants as set forth above.

70. **PEREZ** has retained the law offices of the undersigned attorney to represent him

in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, **PEREZ** and those similarly-situated request that this Honorable
Court:

A. Enter judgment for **PEREZ** and other similarly-situated and against the

Defendant **PEREZ,** on the basis of Defendant's willful violations of the Fair

Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

and

B. Award **PEREZ** actual damages in the amount shown to be due for unpaid

wages and overtime compensation for hours worked in excess of forty weekly,

with interest; and

C. Award **PEREZ** an equal amount in double damages/liquidated damages; and

D. Award **PEREZ** reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just

and/or available pursuant to Federal Law.

F. **PEREZ** demands a trial by jury.

## JURY DEMAND

**PEREZ** and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated this _____ day of October, 2009.

Respectfully submitted,

By: _____
R. Martin Saenz, Esq.
Florida Bar No. 640166
THE SAENZ LAW FIRM, P.A.
777 Brickell Avenue, Suite 1100
Miami, FL 33131
Telephone:  (305) 577-8551
Facsimile: (305) 577-8482
Attorneys for Plaintiff

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**09-23197**

### I. (a) PLAINTIFFS

Alionzo Martinez, Luciano Martinez and Agusto Perez

**DEFENDANTS**

SWS Structural, Inc., and Sara Gomez, individually.

(b) County of Residence of First Listed Plaintiff   Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

FILED by **ADS** D.C.
INTAKE

(c) Attorney's (Firm Name, Address, and Telephone Number)

The Saenz Law Firm, P.A.
777 Brickell Ave., Suite 1100
Miami, Florida 33131; Telephone: 305.577.8551.

**CIV-SEITZ**

**MAGISTRATE JUDGE O'SULLIVAN**

09-CV-23197 — Seitz/o'Sullivan

OCT 22 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

(d) Check County Where Action Arose: ☑ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO

JUDGE _____   DOCKET NUMBER _____

### VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Section 29 State Statute 201-219 this is an action to recover straight and overtime wages

LENGTH OF TRIAL via 3-4 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 28,868.20

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD _____   DATE _____

**FOR OFFICE USE ONLY**

AMOUNT $350.00   RECEIPT # 1010572

10/22/09